CHARLES J. FRANKLIN v. EMPIRE RUBBER MANUFAC-
TURING COMPANY.

Argued November 2, 1904—Decided February 27, 1905.

1. In an action upon contract, the evidence of the plaintiff to sustain the burden of proving that he had fulfilled the contract was clearly overcome by the evidence of the defendant that there was a failure to perform the contract.

2. Proof of a sufficient excuse for not performing a contract will not sustain an averment in the declaration that it was performed.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON, GARRETSON and REED.

For the plaintiff, *Samuel* and *Leonard Kalisch.*

For the defendant, *Vroom, Dickinson & Scammell.*

The opinion of the court was delivered by

GARRETSON, J.   The plaintiff and defendant entered into a written agreement whereby the company hired and employed the plaintiff as superintendent of its rubber sponge manufacturing for the term of five years, at the salary of $20, payable weekly, and a further consideration of ten cents per pound upon each and every pound of perfect work turned out by said plaintiff, payable at the termination of each month.   The plaintiff agreed with the company that he would well and truly perform and discharge the duties of superintendent of the aforesaid, and would not divulge to anyone the secret process used in the manufacture of rubber sponges, and would devote his entire time and attention to the business of the said company to the best of his ability.

For breach of this contract, the plaintiff sues.

It appears from the testimony of the plaintiff that he was possessed of a secret process by which he was able to make a rubber sponge which would be marketable, and while of an inferior grade to the Russian sponge, could be sold in competition with it.   It appears that he made sample sponges, which were satisfactory, and then this contract was entered into.   As superintendent he was bound to manufacture these sponges by his secret process, and so manufacture them that they would be marketable and could be sold in competition with Russian sponges.   He made, in all, twenty-five sponges. The evidence is conclusive that the sponges he manufactured after a few days hardened and became absolutely worthless and unmarketable.   He continued his efforts to make the required sponges for several weeks and was paid $20 a week for seven weeks.   At the end of that time, failing to produce

marketable sponges, he was put at other work, and for the eighth week was tendered $12.40, and at the end of the ninth week, $5.14, as his wages. These sums he refused to accept and was told he would be given work if he was willing to accept $9 a week, and later on was told that if he would turn out a marketable sponge the company would talk the matter over again with him, but if he was not willing to accept $9 a week he was discharged. He never demanded the ten cents a pound provided for in the contract. The plaintiff thereupon left, and sued to recover the amount provided for under the contract.

It appears, from the greater weight of the testimony, that the plaintiff never carried out his part of the contract. The defendant might rightfully discharge him and would not be liable for any wages under the contract.

The plaintiff, in his declaration, alleged that he had faithfully performed the contract on his part. Upon the trial he set up in his evidence that his failure to produce a marketable sponge was due to the fact that the rubber furnished him by the defendant was over-sulphured. In *Shinn* v. *Haines,* 1 *Zab.* 340, it was held, proof of a sufficient excuse for not performing a contract will not sustain an averment in the declaration that it was performed; all evidence, therefore, tending to prove that the defendant failed to perform its part of the contract, as an excuse for plaintiff's non-performance, was incompetent.

The jury rendered a verdict for $1,500. The trial justice stated the rule governing the amount which an employe who is wrongfully discharged before the end of his term fixed by his contract of employment as damages which he might recover for such wrongful discharge, to be what he would have earned if he had been permitted to continue his services until the expiration of the time during which the contract had yet to run, after deducting such sum as he might reasonably earn between the time of his discharge and the end of the term fixed by the contract. In the present case the contract was for the use by the plaintiff, for the benefit of the de-

fendant, of a secret process for making sponges, which the plaintiff, when discharged, took with him, and which he might have used in some other employment. This secret process, the plaintiff testifies, he considered very valuable; that no one other than himself was to have anything to do with it; that others could not buy it for any money—couldn't buy it from him for thousands of dollars; that he had refused to sell it to the defendant under these circumstances. Possessed of this valuable secret, it is reasonably supposable that the plaintiff would be able to earn quite as much from other sources by its use as he was entitled to receive under his contract.

We therefore think the damages were excessive.

The rule to show cause will be made absolute.